United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN NEBLETT,<br><br>   Petitioner,<br><br> v.<br><br>S. W. ORNOSKI, warden,<br><br>   Respondent.<br>                / | No. C 05-4228 SI (pr)<br><br>**ORDER GRANTING RECONSIDERATION MOTION, REOPENING ACTION AND REQUIRING BRIEFER BRIEF** |

  John Neblett, an inmate at San Quentin State Prison, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition does not challenge Neblett's murder conviction but instead challenges the Board of Prison Terms' decision at an October 15, 2003 hearing that found him not suitable for parole. The court dismissed the action without prejudice because the face of the petition disclosed that state judicial remedies had not been exhausted before the petition was filed.

  Neblett has filed a motion for reconsideration in which he explained that he had in fact exhausted state court remedies but had neglected to include that information in his federal habeas petition. He provided a copy of the California Supreme Court's denial of his petition for writ of habeas corpus as proof that he had exhausted state court remedies. Neblett has shown cause for the reconsideration of the order of dismissal. The motion for reconsideration is GRANTED. (Docket # 6.) The Order Of Dismissal and Judgment will be vacated and the action reopened.

1  The petition sets out the claims in just a few pages, but is supported by an 85-page legal brief that is unacceptably long.  The 85-page brief presents a legal discussion that unduly emphasizes state law issues and includes citations to more than 60 state court cases -- strongly suggestive of a brief that has been recycled with little modification from its earlier life as a state court brief.  The brief needs an edit by an editor bearing in mind the limits of federal habeas jurisdiction: federal habeas relief cannot be granted unless the state court's rejection of the claims "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).  Furthermore, whether there were violations of state procedural laws is largely beside the point here because a federal habeas court cannot grant relief based on a violation of state law.  See Estelle v. McGuire, 502 U.S. 62, 68 (1991); Walters v. Maass, 45 F.3d 1355, 1357 (9th Cir. 1995).

While the court is mindful of the need to accommodate pro se litigants, the court also must be mindful of its limited resources.  Requiring the court to read a largely irrelevant argument wastes limited judicial resources – a waste that easily can be avoided if a petitioner trims the arguments that might have been of interest in state court but have no place in a federal habeas petition.  This waste of judicial resources is of particular concern in the parole denial cases: Neblett is one of the dozens and dozens of inmates filing this same kind of case, usually with the aid of a prison writ writer.  If the extremely lengthy and largely irrelevant brief goes unchecked here, it likely will show up in many other cases.  The court will not accept the brief and will require instead a replacement memorandum of points and authorities not in excess of 25 pages.

For the foregoing reasons,

1.   The motion for reconsideration is GRANTED.  (Docket # 6.) The Order Of Dismissal and Judgment are VACATED.  The clerk will REOPEN this action.

2.   Petitioner's memorandum of points and authorities in support of his petition (i.e., all the pages following page 4 of his typewritten petition) are stricken.  Petitioner must file a replacement memorandum of points and authorities no later than **May 5, 2006**.  The

1 | replacement memorandum may not exceed 25 pages in length.  The replacement memorandum
2 | must be double-spaced, although it may be handwritten or typed.
3 |     IT IS SO ORDERED.
4 | DATED: March 14, 2006

                                                        *Susan Illston* (signature)
                                                   SUSAN ILLSTON
                                             United States District Judge