1
2
3
4
5
6                                    UNITED STATES DISTRICT COURT

7                                   NORTHERN DISTRICT OF CALIFORNIA

8

9   JOHN NEBLETT,                                   No. C 05-4228 SI (pr)

10              Petitioner,                          **ORDER TO SHOW CAUSE**

11        v.

12   S. W. ORNOSKI, warden,

13              Respondent.
                                              /
14

15                                       **INTRODUCTION**

16        John Neblett, an inmate at San Quentin State Prison, filed this <u>pro se</u> action seeking a writ

17   of habeas corpus pursuant to 28 U.S.C. § 2254.  The court required Neblett to file a replacement

18   memorandum of points an authorities in support of his petition that complied with the court's

19   page limits on legal briefs.  He did so.  Neblett's petition is now before the court for review

20   pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

21

22                                        **BACKGROUND**

23        Neblett reports in his petition that, in 1995, he entered a negotiated plea and was

24   convicted in the San Diego County Superior Court of second degree murder.  He was sentenced

25   to 15 years to life in prison.  His petition does not challenge his conviction but instead challenges

26   a decision by the Board of Prison Terms ("BPT") at a March 26, 2003 hearing that found him

27   not suitable for parole.  It is unclear whether state court remedies have been exhausted for the

28   claims in the petition.

**United States District Court**
For the Northern District of California

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

After he filed the original petition, petitioner filed a replacement memorandum of points and authorities.  This was done in response to the March 16, 2006 order in which the court stated that the "petition sets out the claims in just a few pages, but is supported by an 85-page legal brief that is unacceptably long."  Neblett's replacement memorandum of points and authorities asserts three claims, two of which are new and only one of which was in the original petition. Because petitioner has changed the claims, the court assumes that petitioner intends to pursue only the claims included in his replacement memorandum of points and authorities and not those in the original petition.

Neblett alleges that the BPT's decision was not supported by sufficient evidence, in violation of his right to due process.  Liberally construed, the allegations state a cognizable claim for a due process violation.  See Board of Pardons v. Allen, 482 U.S. 369 (1987); McQuillion v. Duncan, 306 F.3d 895 (9th Cir. 2002).

Neblett next alleges that the BPT's decision was a breach of the plea agreement he entered when he pled guilty.  Liberally construed, the allegations state a cognizable claim for a due process violation.  See Santobello v. New York, 404 U.S. 257, 262 (1971); Buckley v. Terhune, 441 F.3d 688 (9th Cir. 2006) (en banc).

1    Finally, Neblett argues that his right to due process was violated because the regulation

2    the BPT uses to determine parole suitability, 15 Cal. Code Regs. § 2402(c), is void for

3    vagueness. Giving the pro se prisoner's allegation the liberal construction to which it is entitled,

4    the court cannot say the claim is patently frivolous.  A response from respondent will be

5    required.

6

7                                          **CONCLUSION**

8    For the foregoing reasons,

9         1.    The three claims identified above warrant a response from respondent.

10        2.    The clerk shall serve by certified mail a copy of this order, the petition and all

11   attachments thereto upon respondent and respondent's attorney, the Attorney General of the State

12   of California.  The clerk shall also serve a copy of this order on petitioner.

13        3.    Respondent must file and serve upon petitioner, on or before **August 18, 2006**, an

14   answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases,

15   showing cause why a writ of habeas corpus should not be issued.  Respondent must file with the

16   answer a copy of all portions of the parole hearing record that have been previously transcribed

17   and that are relevant to a determination of the issues presented by the petition.

18        4.    If petitioner wishes to respond to the answer, he must do so by filing a traverse

19   with the court and serving it on respondent on or before **September 22, 2006**.

20        5.    Petitioner's motion for notice of status is DENIED as moot.  (Docket # 8.)  The

21   motion was mailed on the same day on the same day (March 16, 2006) the court issued an order

22   that addressed petitioner's concerns.

23        IT IS SO ORDERED.

24   DATED:  June 1, 2006

                                     _____
25                                          SUSAN ILLSTON
                                     United States District Judge
26

27

28

                                              3